**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**CENTENNIAL BANK,**

**Plaintiff,**

**vs.** **CASE NO. ______________**

**ADAMS STREET LOFTS, LLC;**
**STEVEN M. LEONI;**
**JONATHAN D. LEONI;**
**ADAMS STREET LOFTS CONDOMINIUM ASSOCIATION, INC.;**
**GEMINI PARKING DECK NORTH, INC.,**

**Defendants.**

---

## COMPLAINT

Centennial Bank ("Centennial"), an Arkansas banking corporation, successor in interest to Wakulla Bank by asset acquisition from the FDIC as receiver for Wakulla Bank, by and through its undersigned attorneys, and pursuant to 28 U.S.C. §1332, sues Defendants, Adams Street Lofts, LLC, Steven M. Leoni, Jonathan D. Leoni, Adams Street Lofts Condominium Association, Inc., Gemini Parking Deck North, Inc. and alleges:

## ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff, Centennial Bank, is an Arkansas banking corporation, incorporated under the laws of the state of Arkansas with it principal place of business in Arkansas.

2. Defendant, The Adams Street Lofts, LLC ("Adams Street") is a Florida limited liability company formed under the laws of the state of Florida with its principal

place of business in Florida. Its two members are Steven M. Leoni, a citizen of Florida and Jonathan D. Leoni, a citizen of Florida.

3. Defendant, Steven M. Leoni ("S. Leoni") is a citizen of Florida.

4. Defendant, Jonathan D. Leoni ("J. Leoni"), is a citizen of Florida.

5. Defendant, Adams Street Lofts Condominium Association, Inc. is a Florida corporation, incorporated under the laws of the state of Florida with its principal place of business in the state of Florida.

6. Defendant, Gemini Parking Deck North, Inc. is a Florida corporation, incorporated under the laws of the state of Florida with its principal place of business in the state of Florida.

7. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

8. On or about October 3, 2006, Adams Street executed and delivered a promissory note to Plaintiff in the initial principal amount of $4,251,557.54 with a maturity date of October 3, 2007. A copy of the note is attached as **Exhibit 1**.

9. In order to secure the obligation evidenced by **Exhibit 1**, on or about October 3, 2006, Adams Street executed and delivered that certain Real Estate Mortgage on property then owned by it and in its possession to Plaintiff which is recorded at OR Book 3592, page 2398 of the public records of Leon County, Florida. A copy is attached hereto as **Exhibit 2.**

10. In order to perfect its security interest in certain personal property of Adams Street, Plaintiff filed and recorded a UCC-1 financing statement with the Florida Secretary of State and recorded a copy in the public records of Leon County, Florida at

OR Book 3593 page 3. A copy of the Financing Statement is attached hereto as **Composite Exhibit 3**.

11. On or about July 18, 2007, Adams Street executed and delivered a renewal promissory note to Plaintiff in the principal amount of $4,859,450.00 with a maturity date of July 18, 2008. A copy of the renewal note is attached as **Exhibit 4.**

12. On or about July 18, 2007, Adams Street executed and delivered a Mortgage and Loan Modification Agreement to Plaintiff which is recorded at OR Book 3738, page 1559 of the public records of Leon County, Florida. A copy is attached hereto as **Exhibit 5**.

13. On or about July 18, 2008, Adams Street executed and delivered a renewal promissory note to Plaintiff in the principal amount of $3,288.580.00 with a maturity date of January 18, 2014. A copy of the renewal note is attached as **Exhibit 6.**

14. On or about July 18, 2008, Adams Street executed and delivered a Mortgage and Loan Modification Agreement to Plaintiff which is recorded at OR Book 3904, page 1898 of the public records of Leon County, Florida. A copy is attached hereto as **Exhibit 7**.

15. On or about January 18, 2009, Adams Street executed and delivered a renewal promissory note to Plaintiff in the principal amount of $3,122,411.13 with a maturity date of April 18, 2009. A copy of the renewal note is attached as **Exhibit 8.**

16. On or about January 18, 2009, Adams Street executed and delivered a Mortgage and Loan Modification Agreement to Plaintiff which is recorded at OR Book 3959, page 5 of the public records of Leon County, Florida. A copy is attached hereto as **Exhibit 9**.

17. On or about April 18, 2009, Adams Street executed and delivered a renewal promissory note to Plaintiff in the principal amount of $3,122,411.13 with a maturity date of April 18, 2011. A copy of the renewal note is attached as **Exhibit 10.**

18. On or about April 18, 2009, Adams Street executed and delivered a Mortgage and Loan Modification Agreement to Plaintiff which is recorded at OR Book 3990, page 158 of the public records of Leon County, Florida. A copy is attached hereto as **Exhibit 11**.

19. On or about November 18, 2009, Adams Street executed and delivered a renewal promissory note to Plaintiff in the principal amount of $3,110,411.13 with a maturity date of November 18, 2014. A copy of the renewal note is attached as **Exhibit 12.**

20. On or about November 18, 2009, Adams Street executed and delivered a Mortgage and Loan Modification Agreement to Plaintiff which is recorded at OR Book 4075, page 333 of the public records of Leon County, Florida. A copy is attached hereto as **Exhibit 13**.

21. As additional security, S. Leoni and J. Leoni executed and delivered a Guaranty to Plaintiff guaranteeing the payment and performance of **Exhibit 1** and any extensions, renewals or replacements thereof. A copy is attached hereto as **Exhibit 14**.

22. Plaintiff is successor in interest to Wakulla Bank by asset acquisition from the FDIC as receiver for Wakulla Bank and the owner and holder of **Exhibits 1 - 14**. A copy of the Assignment of Security Instruments and Other Loan Documents is recorded at OR Book 4202 page 648 of the public records of Leon County, Florida. A copy of the Assignment is attached hereto as **Exhibit 15**.

23. Adams Street defaulted by failing to make the payment due on December 18, 2010 and all subsequent payments. As a result of said default, Plaintiff has accelerated the balance due under **Exhibit 10**.

**COUNT I – BREACH OF PROMISSORY NOTE**

24. This is an action against Adams Street in which the damages claimed are in excess of $75,000.00.

25. Plaintiff realleges paragraphs 1 through 23 above and incorporates them herein by reference.

26. As of March 22, 2011, Adams Street owes Plaintiff $3,072,562.13 that is due on principal, plus interest in the amount of $33,366.92, late fees in the amount of $300.00, plus any additional amounts advanced pursuant to the terms of **Exhibits 2 and 10**. Interest is accruing at the default rate of 18% pursuant to the terms of **Exhibit 10**.

27. As a result of the aforementioned breach, Plaintiff has been damaged.

28. All conditions precedent to the commencement of this action have occurred and/or otherwise been waived by Defendant, Adams Street.

29. Plaintiff has retained the undersigned attorneys to bring this action and is obligated to pay them a reasonable fee for their services in this matter. Defendant, Adams Street, is liable to Plaintiff for the payment of reasonable attorneys' fees pursuant to the terms and conditions in the **Exhibits 2 and 10** attached hereto.

WHEREFORE, Plaintiff, Centennial Bank, demands judgment against The Adams Street Lofts, LLC, for damages, pre-judgment interest, attorneys' fees, the costs of this action, and any such other and further relief as the Court deems just and proper.

**COUNT II – FORECLOSURE OF MORTGAGE AND SECURITY AGREEMENT**

30. This is an action to foreclose a mortgage lien on real property and a security interest lien on personal property all located in Leon County, Florida.

31. Plaintiff realleges paragraphs 1 through 23 above and incorporates them herein by reference.

32. Adams Street owns and is in the possession of the property which is the subject of this foreclosure action and is more particularly described as follows:

REED BUILDING:

PART OF LOT 185, SAID LOT BEING IN THE NORTH ADDITION TO THE CITY OF TALLAHASSEE, FLORIDA, AS PER MAP OR PLAT RECORDED IN PLAT BOOK 1, PAGE 11 OF THE PUBLIC RECORDS OF LEON COUNTY, FLORIDA AND DESCRIBED AS FOLLOWS:

BEING AT A CONCRETE MONUMENT MARKING THE NORTHEAST CORNER OF LOT 185 OF THE NORTH ADDITION TO THE CITY OF TALLAHASSEE, FLORIDA, AND RUN THENCE NORTH 89 DEGREES 51 MINUTES 25 SECONDS WEST 119.95 FEET, THENCE RUN SOUTH 00 DEGREES 15 MINUTES 49 SECONDS WEST A DISTANCE OF 84.95 FEET, THENCE RUN SOUTH 89 DEGREES 44 MINUTES 11 SECONDS EAST A DISTANCE OF 29.76 FEET, THENCE RUN NORTH 00 DEGREES 15 MINUTES 49 SECONDS EAST A DISTANCE OF 0.12 FEET, THENCE RUN SOUTH 89 DEGREES 44 MINUTES 11 SECONDS EAST A DISTANCE OF 90.16 FEET, THENCE RUN NORTH 00 DEGREES 17 MINUTES 00 SECONDS EAST A DISTANCE OF 85.08 FEET TO THE POINT OF BEGINNING.

NOW BEING KNOWN AS:

ADAM STREET LOFTS, A CONDOMINIUM, TOGETHER WITH AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF RECORDED IN OFFICIAL RECORDS BOOK 3814, PAGE 447, OF THE PUBLIC RECORDS OF LEON COUNTY, FLORIDA.

TOGETHER WITH SPACES 101 THROUGH AND INCLUDING 142, OF GEMINI PARKING DECK NORTH, A CONDOMINIUM, AS DESCRIBED IN THE DECLARATION OF CONDOMINIUM RECORDED IN OFFICIAL RECORDS BOOK 3589, PAGE 395, OF THE PUBLIC RECORDS OF LEON COUNTY, FLORIDA.

LESS AND EXCEPT:

UNITS 101, 102, 205, 207, 401 THRU 407, INCLUSIVE, 502, 505 AND 507, ADAM STREET LOFTS, A CONDOMINIUM, TOGETHER WITH AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF RECORDED IN OFFICIAL RECORDS BOOK 3814, PAGE 447, OF THE PUBLIC RECORDS OF LEON COUNTY, FLORIDA.

33. Pursuant to the terms of **Exhibit 14,** Defendants, S. Leoni and J. Leoni are obligated to Plaintiff for all of the amounts owed by Adams Street, and a reasonable attorney's fee and costs. As a result, Plaintiff is entitled to a judgment against S. Leoni and J. Leoni for all damages incurred as a result of Adams Street's breach.

34. As of March 8, 2011, Adams Street, S. Leoni and J. Leoni owe Plaintiff $3,072,562.13 that is due on principal, plus interest in the amount of $33,366.92, late fees in the amount of $300.00, plus any additional amounts advanced pursuant to the terms of **Exhibits 2 and 10**. Interest is accruing at the default rate of 18% pursuant to the terms of **Exhibit 10**.

35. As a result of the aforementioned breach, Plaintiff has been damaged.

36. All conditions precedent to the commencement of this action have occurred and/or otherwise been waived by Defendants, Adams Street, S. Leoni and J. Leoni.

37. Plaintiff has retained the undersigned attorneys to bring this action and is obligated to pay them a reasonable fee for their services in this matter. Defendants, Adams Street, S. Leoni and J. Leoni are liable to Plaintiff for the payment of reasonable attorneys' fees pursuant to the terms and conditions of **Exhibits 2 and 10** attached hereto.

38. Defendant, Adams Street Lofts Condominium Association, Inc. may claim some right, title or interest in the subject property by virtue unpaid assessments under that certain Declaration of Condominium recorded in Official Records Book 3814, page 447 of the public records of Leon County, Florida; however, any such interest is subordinate and inferior to Plaintiff's mortgage lien being foreclosed in this action.

39. Defendant, Gemini Parking Deck North, Inc. may claim some right, title or interest in the subject property by virtue unpaid assessments under that certain Declaration of Condominium recorded in Official Records Book 3589, page 395 of the public records of Leon County, Florida; however, any such interest is subordinate and inferior to Plaintiff's mortgage lien being foreclosed in this action; however, any such interest is subordinate and inferior to Plaintiff's mortgage lien being foreclosed in this action.

WHEREFORE, Plaintiff, Centennial Bank, demands judgment foreclosing its mortgage and security interest liens as described above, and, in the event the proceeds from the foreclosure sale are not sufficient to satisfy Plaintiff's claim, a deficiency judgment, and for such other and further relief as the Court deems proper.

**COUNT III – BREACH OF GUARANTY**

40. This is an action against Steven Leoni and Jonathan Leoni in which the damages claimed are in excess of $75,000.00.

41. Plaintiff realleges paragraphs 1 through 23 above and incorporates them herein by reference.

42. Pursuant to the terms of **Exhibit 14,** Defendants, S. Leoni and J. Leoni are obligated to Plaintiff for all of the amounts owed by Adams Street, and a reasonable attorney's fee and costs. As a result, Plaintiff is entitled to a judgment against S. Leoni and J. Leoni for all damages incurred as a result of Adams Street's breach.

43. As of March 8, 2011, S. Leoni and J. Leoni owe Plaintiff $3,072,562.13 that is due on principal, plus interest in the amount of $33,366.92, late fees in the amount of $300.00, plus any additional amounts advanced pursuant to the terms of

**Exhibits 2 and 10**. Interest is accruing at the default rate of 18% pursuant to the terms of **Exhibit 10**.

44. As a result of the aforementioned breach, Plaintiff has been damaged.

45. All conditions precedent to the commencement of this action have occurred and/or otherwise been waived by Defendants, S. Leoni and J. Leoni.

46. Plaintiff has retained the undersigned attorneys to bring this action and is obligated to pay them a reasonable fee for their services in this matter. Defendant, S. Leoni and J. Leoni are liable to Plaintiff for the payment of reasonable attorneys' fees pursuant to the terms and conditions in the **Exhibits 2, 10 and 14** attached hereto.

WHEREFORE, Plaintiff, Centennial Bank, demands judgment against Steven M. Leoni and Jonathan D. Leoni, jointly and severally, for damages, pre-judgment interest, attorneys' fees, the costs of this action, and any such other and further relief as the Court deems just and proper.

Respectfully submitted this 28th day of March, 2011.

/s/ Megan F. Fry
**SCOTT A. REMINGTON**
Fla. Bar. No. 122483
**MEGAN F. FRY**
Fla. Bar No. 0058608
CLARK, PARTINGTON, HART, LARRY, BOND & STACKHOUSE
P. O. Box 13010
Pensacola, FL 32591-3010
Tel: 850-434-9200
Fax: 850-432-7340
mfry@cphlaw.com